# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

THADDEUS L. JARVIS
           Plaintiff

v.                                    Civil Action No.

NATHIAL "BURL" CAIN, JEWORSKI MALLETT,    3:23-cv-14-TSL-RPM
TIMOTHY MORRIS, RICHARD PENNINGTON,   "JURY TRIAL DEMAND"
TRACEY McDONALD, ECKO ROBERTS,
JACQUELINE WRIGHT, "UNKNOWN NETTLES,"
CENTURION OF MISSISSIPPI LLC (1-500),
MARY JONES, And JOHN AND JANE DOES (1-
500)
           Defendants

**SOUTHERN DISTRICT OF MISSISSIPPI**
**FILED**
JAN - 9 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

## PLAINTIFF'S, 42 U.S.C. §1983 & 42 U.S.C. §12101
## CIVIL RIGHTS COMPLAINT

1. Plaintiff's information as follows:

   A. Legal Name / Name Under Which Sentenced:
      Thaddeus L. Jarvis

   B. Inmate / Offender identification number:
      MDOC# 210400

   C. Plaintiff's mailing address (street or post
      office box number, city / county, state, ZIP):
      Marshall County Correctional Facility "M.C.C.F.
      833 West Street
      Holly Springs, MS 38635

   D. Place of confinement:
      Marshall County Correctional Facility "M.C.C.F."

**2.** The following person(s) as the Defendant(s) in this civil action:

Name: Nathial "BURL" Cain

Title: Mississippi Department of Corrections ("MDOC") Commissioner

Defendants mailing address (street or post - 301 N. Lamar St.
office box number, city/county, state, ZIP): Jackson, MS 39201


Name: Jaworski Mallet

Title: MDOC, Deputy Commissioner

Defendants mailing address (street or post - 301 N. Lamar St.
office box number, city/county, state, ZIP): Jackson, MS 39201


Name: Timothy Morris

Title: Mississippi State Penitentiary ("M.S.P.") Superintendent

Defendants mailing address (street or post P.O. Box 1057
office box number, city/county, state, ZIP): Parchman, MS 38738


Name: Richard Pennington

Title: Administration Remedy Program ("A.R.P.") Director at M.S.P.

Defendants mailing address (street or post - P.O. Box 1057
office box number, city/county, state, ZIP): Parchman, MS 38738


Name: Tracey McDonald

Title: M.S.P., Unit 30 Warden

Defendants mailing address (street or post - P.O. Box 1057
office box number, city/county, state, ZIP): Parchman, MS 38738


Name: Ecko Roberts

Title: M.S.P., Lieutenant ("Lt.") / Disciplinary Officer, Lt.

Defendants mailing address (street or post - P.O. Box 1057
office box number, city/county, state, ZIP): Parchman, MS 38738


Name: Jacqueline Wright

Title: M.S.P., Disciplinary Investigator

Defendants mailing address (street or post - P.O. Box 1057
office box number, city/county, state, ZIP): Parchman, MS 38738

Name: Unknown Nettles
Title: M.S.P., Correctional Officer
Defendants mailing address (street or post- P.O.Box 1057
office box number, city/county, state, ZIP): Parchman, MS 38738

Name: Centurion of Mississippi, LLC
Title: Liability company contracted with MDOC to provide medical, men-
Defendants mailing address (street or post- tal and dental care
office box number, city/county, state, ZIP): 645 Lakeland Drive
Flowood, MS 39232

Name: John and Jane Doe Defendants who, acting under color
Title: of state law, are responsible for conditions at M.S.P.,
("Parchman") in whole and in part, set forth in this complaint
who presently are unknown despite diligent efforts to discover
their identity. Plaintiff expressly reserve to substitute person
as Defendants place John and Jane Doe.

**3.** Have you commenced other lawsuits in any other court, state or
federal, dealing with or pertaining to the same facts that
you allege in this lawsuit or otherwise relating to your imprison-
ment? ☑ Yes    ☐ No

**4.** Describe each lawsuit, if there is more than one lawsuit, des-
cribe the additional lawsuit(s).
    A. Parties to the lawsuit:
Plaintiff(s): Thaddeus L. Jarvis          Defendant(s): Commissioner Pelicia Hall et al.
    B. Court: U.S. Court of Appeals for the Fifth Circuit
    C. Docket No.: 22-60098
    D. Results: Pending review of my "BRIEF" and "REPLY BRIEF"

    A. Parties to the lawsuit:
Plaintiff(s): Thaddeus L. Jarvis    Defendant(s): Unknown Vergera et al.
    B. Court: U.S. District Court Northern District of Mississippi
    C. Docket No.: 3:20-cv-00164-NBB-RP
    D. Results: The case is in summary judgment preceeding

3. of 21

5. Is there a prisoner grievance procedure or ☑ Yes    ☐ No
   system in place of your confinement?

6. If "Yes" did you present to the grievance
   system the same facts and issues you    ☑ Yes    ☐ No
   allege in this complaint?

7. If you checked "Yes" in Question 6 answer the following questions:

   A. Does the grievance system place a limit on the time within
      which a grievance must be presented? ☑ Yes    ☐ No

   B. If you answered "Yes" did you file or
      present your grievance within the time limit allowed
                                    ☑ Yes    ☐ No

   C. The court must find that you exhausted the MDOC, M.S.P.
      grievance system and MDOC, M.S.P. administrative remedy
      program ("ARP") process. By attaching exhibits with
      note for that exhibit stating what that grievance was
      for and the procedure specifically such said document
      are copies to which was presented to the ARP even
      the Director over the ARP at M.S.P, see ("EXHIBIT'S")

   D. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997 et al,
      requires prisoners to exhaust any **available** administra-
      tive remedies prior to filing suit under 42 U.S.C. §1983.
      A remedy is **not available** where prison administrators "th
      wart inmates from taking advantage of a grievance process
      through machination, misrepresentation, or intimidation
      **exhibit-E** a valid grievance in the instance of justice. Noted if
      Defendants state the process was available which would
      have given defendant a deadline to respond to plaintiff.
      Not required to exhaust remedies that are not "available."
      ROSS v. BLAKE, 136 S.Ct. 1850, 1859 (2016) (citing 42 U.S.C. §19
      97 et al). Plaintiff fully exhausted matters that where respond-
      ed to supported by exhibits submitted with complaint.

## INTRODUCTION

B.

This a civil rights violation, a 42 U.S.C. §1983, & §12101
complaint filed for damages a declaratory judgment and injun-

ction on behalf of himself and others with disabilita
cofined at the Mississippi State Penitentiary ("M.S.P.,"), Parchman
and other Mississippi Department of Corrections ("MDOC")
facilities against Defendants, NATHIAL "BURL" CAIN; JAWASKI MALLET;
TIMOTHY MORRIS; RICHARD PENNINGTON; TRACY McDONALD; MARY
JONES; ECKO ROBERTS; JACQUELINE WRIGHT; UNKNOWN NETTLES;
CENTURION OF MISSISSIPPI, LLC, XYZ CORPORATION and JOHN AND
JANE DOES (1-500);

9. Mississippi failure to properly fund, and maintain its prison and
Defendants' individual personal actions and non-actions of dis-
regarding the allegations herein. Of being confined in conditions
which pose serious and imminent dangers to Plaintiffs ("MDOC")
offenders safety and well-being. Created and enables an en-
vironment in which, M.S.P, offenders are particulary suscept-
ible to the claims herein.

10. Environmental, Condictional, Civil Rights, violations and
American with Disabilita Act violations of. Plaintiffs'
violative civil rights, ongoing state of chaos, state of crisises,
which is inexcusable. Due largly to individual personal act-
ions and non-actions of Defendants' regarding the alleg-
ations herein.

11. Denied access to basic amenities, failed to provide the
basic necessities, such as medical care. Lack of Defendants
adherence to policies and/or customs that would have
alleviated the complaints made herein. Endanger-ing
physical and mental health, well-being to Plaintiff that
violates prisoners civil rights.

12. Deplorable living conditions and medical care are the
culmination of years of severe neglect at M.S.P. ("Parchman")
Defendants here, have affirmatively taken action and non-
action to create an even more violative environment.

13. Defendents have a constitutional obligation to protect the individuals in its custody from harm, from being held in inhumane and unconstitutional condictions, medical care provided, no delay or denial medication that is adminter'ed prescribed for mental illness. The Eighth Amendment of the United States Constitution prohibits the infliction of cruel and unusal punishment and is violated when prison officials create, allow and failed to act upon inhumane and unconstitutional conditions. The conditions present at M.S.P., ("Parchman") consitute a grave and imminent danger/injury/denial and delay in medical care to. Plaintiff, and in so doing violates his civil rights and causes the. Plaintiff to be entitled to money damages, injunction, declaratory judgment.

14. Under the Eighth Amendment, prison official must meet the medical needs of prisoners with disabilities and furnish the assistance that they require in order to live a minimally decent life in prison and provide facilities compatible with his condition that meet civilized standards of decency. Prisoners with disabilities or handicaps are protected both by the Constitution and by federal statutes. State and local statutes and prison regulations may also provide some protections for disabled prisoners. Serious medical needs is "one that has been diagnosed by a physician as mandating treatment", many mental illnesses. Immediate Psychological Trama ("PTSD"), Acute or Serious Depression, severe chest pain, HIV, hepatitis, tuberculosis, dental pain and loss of teeth, asthma, diabetes. Crohn's disease, severe arthritis, osteomyelitis, neurological disorders, serious back pain, ulcers, seizure disorders, rape, and many mental illnesses."

15. By this action, Plaintiff seek money demages, injunction, declaratory judgment arising from these unconstitutional conditions.

## PARTIES
### Plaintiff

16. Plaintiff repeat and re-allege the allegations of the above paragraphs.

17. Plaintiff Thaddeus L. Jarvis, M.D.O.C #210400 is an individual has been incarcerated at the Mississippi State Penitentiary ("M.S.P.,"), ("Parchman") who brings this complaint on behalf of himself. Having been confined at Parchman at which a substantial risk of serious harm and injury by the squalid conditions in which he was forced to live, and these conditions are violative of Plaintiffs' civil rights.

18. Plaintiff Thaddeus L. Jarvis, M.D.O.C #210400 like all Parchman prisoners are forced to live in filthy, dangerous, and degarding conditions that has, will place a substantial risk of serious harm, injury, denial and delay of medical care and these conditions are violative of Plaintiffs' civil rights.

### Defendants

19. Defendant NATHIAL "BURL" CAIN is the Commissioner of the Mississippi Department of Corrections ("MDOC") at all relevant times herein. By statute, the MDOC is "vested with the exclusive responsibility for management and control of the correctional system, and all properties belonging thereto" and "shall be responsible for the management of affairs of the correctional system and for the proper care, treatment, feeding, clothing and management of the offenders confined therein." MISS. CODE ANN.§47-5-23. The Commissioner has the duty and authority to do the following. "Establish the general policy of the Department" MISS. CODE ANN.§47-5-20. "implement and administer law and policy related to corrections" MISS. CODE ANN.§47-5-28(a) and "establish standards... and exercise the requisite supervision as it relates to correctional programs overall state-supported adult correctional facilities[.]" MISS. CODE ANN.§47-5-28(b). As Commissioner, Defendant Cain has the ultimate responsibility for ensuring that all prisons under the jurisdiction of MDOC

operate in compliance with state and federal law. Individuals at Parchman have sent numerous complaints to Defendant Cain, have numerous complaints about Defendant Cain actions and non-actions personally, and Defendant Cain has personally inspected Parchman on multiple occasions. Under his leadership and to his knowledge, correctional officer/staff have engaged in abusing inmates, refusing to process incoming or outgoing mail, and other violations of Mississippi State law, MDOC policy, and prisoner rights. At all times relevant hereto, he has acted under color of state law. Additional allegations regarding Defendant Cain's conduct are set forth herein.

20. Defendant **JOHN/JANE DOE** is the **Interim Commissioner** of the Mississippi Department of Corrections ("MDOC") as all relevant times needed herein. As Interim Commissioner Defendant JOHN/JANE DOE is bound by the same statutes, duties, and responsibilites which governed Defendant Cain as the Commissioner of the MDOC. The Interim Commissioner has the duty and authority to do the following: "Establish the general policy of the Department" **MISS. CODE ANN. § 47-5-20**, "implement and administer laws and policy related to corrections" **MISS. CODE ANN. § 47-5-28(a)**. and "establish standards... and exercise the requisite supervision as it relates to correctional programs over all state-supported adult correctional facilities [.]" **MISS. CODE ANN. § 47-5-28(b)**. As Interim Commissioner Defendant JOHN/JANE DOE has the ultimate responsibility for ensuring that all prisons under the jurisdiction of MDOC operate in compliance with state and federal law. Individuals at Parchman have sent numerous complaints to Defendant JOHN/JANE DOE, have numerous complaints about Defendant JOHN/JANE DOE actions and non-actions personally and Defendant JOHN/JANE DOE has personally inspected Parchman on multiple occasions. Under his/her leadership and to his/her knowledge, correctional

officers/staff have engaged in abusing inmates, refusing to process incoming or outgoing mail, and other violations of Mississippi State law, MDOC policy, and prisoner rights. At all times relevant hereto, he/she acted under color of state law.

21. Defendant JANANSKI MALLETT is the Deputy Commissioner for Institutions at the MDOC. Defendant Mallett is responsible, together with the Interim Commissioner, for the daily functioning and administration of all MDOC institutions, including Parchman. Defendant Mallett has had for many years, and now has, direct knowledge of the conditions at Parchman, but Defendant Mallett has failed to take reasonable measures to remedy these conditions and abate the substantial risk of serious harm, injury, to inmates including Plaintiff. Individuals at Parchman have sent numerous complaints to Defendant Mallett, have numerous complaints about Defendant Mallett's actions and non-actions personally, and Defendant Mallett has personally inspected Parchman on multiple occasions. Under his leadership and to his knowledge, correctional officers/staff have engaged in abusing inmates, refusing to process incoming or outgoing mail, and other violations of Mississippi State law, MDOC policy, and prisoner rights. At all times relevant hereto, he has acted under color of state law.

22. Defendant TIMOTHY MORRIS is Superintendent of the Mississippi State Penitentiary ("M.S.P."), Parchman. Defendant Morris manages the operations of Parchman. Defendant Morris is aware of the problems at Parchman and has failed to take reasonable measures to abate the substantial risks of serious harm, injury, delay and denial of medical care set forth herein. Individuals at Parchman have sent numerous complaints to Defendant Morris, have numerous complaints about Defendant Morris's actions and non-actions personally, and Defendant Morris has personally inspected Parchman

on multiple occasions. Additionally Defendant Morris has knowingly and willfully hired and continued to employ correctional officers/staff insufficiently trained on prisoners rights, MDOC policy, Mississippi State law. Defendant Morris has knowingly and willfully taken direct and indirect actions enable civil rights violations within Parchman. Under his leadership and to his knowledge, correctional officers/staff have engaged in abusing inmates, refusing to process incoming and outgoing mail, and other violations of Mississippi State law, MDOC policy, and prisoner rights. At all times relevant hereto, he has acted under color of state law.

23. Defendant JOHN/JANE DOE is the Chief Medical Officer for the MDOC and leads its Office of Medical Compliance. He/She is the most senior medical official within the MDOC and reports directly to the Commissioner. Defendant JOHN/JANE DOE is responsible for approving all MDOC policies related to healthcare, overseeing all specialty care provided to prisoners in MDOC custody, investigating and responding to complaints of inadequate care, and reviewing summaries of prisoner death while in custody. Importantly, Defendant JOHN/JANE DOE also is responsible for oversight of Defendant Centurion Mississippi, LLC ("Centurion") to ensure its compliance with its contractual and other obligations at Parchman, as well as other MDOC facilities. Based on information and belief Defendant JOHN/JANE DOE has, and has had, direct knowledge of MDOC and Centurion's systemic failure to provide healthcare to inmates at Parchman. Yet, has failed to reasonable take measures to remedy these conditions and abate the substantial risks of serious harm, injury, delay and denial of medical care to inmates, including Plaintiff. Individuals at Parchman have sent numerous complaints to the Defendant JOHN/JANE DOE, have numerous complaints

about Defendant JOHN/JANE DOE's actions and non-actions personally, and Defendant JOHN/JANE DOE has personally inspected Parchman on multiple occasions. At all times relevant here to, he/she has acted under color of state law.

24. Defendant **RICHARD PENNINGTON** is the Administration Remedy Program "A.R.P." Director at M.S.P. at all relevant times herein. Defendant Pennington has, and has had for many years, under his leadership as A.R.P. Director, direct knowledge of the condition at Parchman, as described herein, but he has failed to take reasonable measures to remedy these conditions and abate the substantial risks of serious harm to inmates, including Plaintiff. Additionally Defendant Pennington has, along with A.R.P. officers, prevented or obstructed inmates from filing and receiving administrative and legal assistance by denying them access to the Inmate Legal Assistance Program "ILAP" and ARP process and forms/grievances these grievances either have been denied, never received, or never acted upon by Defendant Pennington and ARP Officers/Administration. M.S.P. ARP is a facade, a remedy procedure in name only and the due process they are accorded is a illusion that are actually not available to inmates without affording grievances any consideration at all, much less actual due process. Individuals at Parchman have sent numerous complaints to Defendant Pennington, have numerous complaints about Defendant Pennington actions and non-actions personally, and Defendant Pennington has personally inspected Parchman on multiple occasions. Defendant Pennington has knowingly and willfully taken direct and indirect action to enable Parchman staff/ ARP Administration refusing to process incoming or outgoing grievances, and other violations of Mississippi State law, MDOC policy, and prisoner rights. At all times relevant hereto, he has acted under color of state law.

25. Defendant **TRACY McDONALD** is the Warden of Unit 30 at M.S.P., Defendant McDonald has, and has had for many years, direct

Knowledge of the conditions at Parchman, as described herein, but he has failed to take reasonable measures to remedy these conditions and abate the substantial risk of serious harm to inmates, including Plaintiff. Individuals at Parchman have sent numerous complaints to Defendant McDonald, have numerous complaints about Defendant McDonald actions and non-actions personally, and Defendant McDonald has personally inspected Parchman on multiple occasions. Additionally, Defendant McDonald has knowingly and willfully taken direct and indirect action to enable M.S.P. officials wrongful activity within Parchman. Under his leadership and to his knowledge, correctional officers have, has directly administered cruel and unusal punishment to inmates, denial of medical care, prevented or obstructed inmates from filing and receiving administrative and legal assistance by denying them access to ILAP and ARP forms, and other violations of Mississippi State law, MDOC policy and prisoner rights. Further Defendant McDonald has needlessly and recklessly endangered the lives of inmates by denying access to emergency medical treatment and/or medication necessary to protect or sustain their lives. At all relevant times hereto, he has acted under color of state law.

26. Defendant **MARY JONES** is the **Captain/Correctional Officer** at M.S.P., Defendant Jones has, and has had for many years, direct knowledge of the conditions at Parchman, as described herein, but she has failed to take reasonable measures to remedy these conditions and abate the substantial risk of serious harm to inmates, including Plaintiff. Individuals at Parchman have sent numerous complaints to Defendant Jones, have numerous complaints about Defendant Jones actions and non-actions personally, and Defendant Jones has personally inspected Parchman on multiple occasions. Additionally, Defendant Jones has knowingly and willfully taken direct and indirect action to enable M.S.P. officials wrongful activity within Parchman. Defendant Jones has, along with her fellow Correctional Officers directly administered cruel and unusal punishment to inmates, denial of medical care,

prevented or obstructed inmates from filing and receiving administrative and legal assistance by denying them access to ILAP and ARP forms, denying emergency medical treatment and/or medication necessary to protect or sustain their lives. Defendant Jones has needlessly and recklessly endangered the lives of inmates. At all times relevant hereto, she has acted under color of state law.

27. Defendant **ECKO ROBERTS** is the Lieutenant / Correctional Officer at M.S.P., Defendant Roberts has, and has had for many years, direct Knowledge of the conditions at Parchman, described herein, but she has failed to take reasonable measures to remedy these conditions and abate the substantial risk of serious harm to inmates, including Plaintiff. Individuals at Parchman have sent numerous complaints to Defendant Roberts, have numerous complaints about Defendant Roberts actions and non-actions personally, and Defendant Roberts has personally inspected Parchman on multiple occasions. Additionally, Defendant Roberts has knowingly and willfully taken direct and indirect action to enable M.S.P. officials wrongful activity within Parchman. Defendant Roberts has, along with her fellow Correctional Officers directly administered cruel and unusal punishment to inmates, malicious filing reports of unverified complaints against inmates, prevented or obstructed inmates from filing and receiving administrative and legal assistance by denying them access to ILAP and ARP form, and other violations of Mississippi State law, MDOC policy and prisoner rights. At all times relevant hereto, she has acted under color of state law.

28. Defendant **JACQUELINE WRIGHT** is the Disciplinary Investigator/ Correctional Officer at M.S.P., Defendant Wright has, and has had for many years, direct Knowledge of the conditions at Parchman, described herein, but she has failed to take reasonable measures to remedy these conditions and abate the substantial risk of serious harm to inmates, including Plaintiff. Individuals at Parchman have sent numerous complaints to Defendant Wright, have numerous complaints about Defendant Wright actions and non-action

personally, and Defendant Wright has personally inspected Par- chman on multiple occasions. Additionally, Defendant Wright has knowingly and willfully taken direct and indirect actions to enable M.S.P. Officials wrongful activity within Parchman. Defendant Wright has, along with her fellow Correctional Officers directly administered cruel and unusal punishment to inmates, malicious filing reports of unverified complaints against inmates, prevented or obstruced inmates from filing and receiving administrative and legal assistance by denying them access to ILAP and ARP form, and other violations of Mississippi State law, MDOC policy and prisoner rights. At all times relevant hereto, she has acted under color of state law.

29. Defendant "UNKNOWN NETTLES" is a Correctional Officer at M.S.P. Defendant Nettles cannot be named in her full legal name because she is not currently know by any other name amongst Parchman inmates. Moreover, Plaintiff have made diligent efforts to discover her identity but have been unsuccessful. Plaintiff expressly res- erve the right to lisk 'UNKNOWN NETTLES' by proper name on this complaint once her identity is discovered. Defendant Nett- les has, and has had for many years, direct knowledge of the conditions at Parchman, as described herein, but she has fai- led to take reasonable measures to remedy these conditions and abate the substantial risk of serious harm to inmates, including Plaintiff. Individuals at Parchman have sent nume- rous complaints to Defendant Nettles, have numerous complaints about Defendant Nettles actions and non-actions personally, and Defendant Nettles has personally inspected Parchman on multiple occasions. Additionally, Defendant Nettles has know- ingly and willfully taken direct and indirect actions to enable M.S.P. Officials wrongful activity within Parchman. Defend- ant Nettles has, along with her fellow Correctional Officers directly administered cruel and unusal punishment to inmates, denial of medical treatment, and other violations of Mississippi State law, MDOC policy and prisoner rights. Further, Defendant Nettles has needlessly and recklessly endangered the lives

of inmates by denying them access to emergency medical treatment and/or medication necessary to protect or sustain their lives. At all times relevant hereto, she has acted under color of state law.

30. Defendant **CENTURION OF MISSISSIPPI, LLC**, is a limited liability company doing business in, and in good standing with, the State of Mississippi and may be served with process through its Registered Agent, <u>C.T. Corporation System, 645 Lakeland Drive, ste. 101, Flowood, MS 39232</u>. Defendant Centurion has contracted with MDOC to provide medical, dental and mental health care services to inmates in MDOC custody at Parchman and other correctional facilities throughout the State of Mississippi and, at all times relevant hereto, was acting under color of state law.

31. <u>JOHN AND JANE DOE DEFENDANTS</u> are individual defendants who, acting under color of state law, are responsible, in whole or in part, for conditions at Parchman set forth in this complaint, but who presently are unknown despite diligent efforts to discover their identity. Plaintiff expressly reserve the right to substitute persons as Defendants in place of John and Jane Doe.

- All Defendants are being sued in their individual capacities.
   The following Defendant being sued in their official capacities as well, as their individual capacities; Defendants, **CAIN; MALLETT; MORRIS; McDONALD; JONES, NETTLER; CENTURION ; JOHN/JANE DOES;** e.g. ("This herein complaint asserts conduct that violates the Americans with Disabilities Act "ADA" and the Constitution you can bring ADA damage claims against defendants in their official capacities, in addition to constitutional damages claims under <u>42 U.S.C. §1983</u>, see, e.g., <u>U.S v. GEORGIA, 546 U.S. at 155-60</u>.

## JURISDICTION AND VENUE

32. Plaintiff repeat and re-allege the allegations of the above paragraphs.

33. This action cries under the United States Constitution and 42 U.S.C. §1983. Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. §1331 "federal-question jurisdiction," and 28 U.S.C.A. §1367 "ancillary jurisdiction" and "concurrent jurisdiction", e.g.("jurisdiction that might be exercised simultaneously by more than one court over the same subject matter and within the same territory, a litigant having the right to choose the court in which to file the action") and "extraterritorial jurisdiction", e.g.("a courts ability to exercise power beyond it territorial limits"), and 42 U.S.C §12101 ADA.

34. This Court further has proper jurisdiction of as case involving parties who are citizens of different states and an amount in controversy greather than a statutory minimum 28 U.S.C.A. §1332 of greater than $75,000 for any individual plaintiff 28 U.S.C.A. §1332(a), see ("diversity jurisdiction"). Plaintiff lived before and intends on living after his relase to "LOUISIANA", JONES v. ST. TAMMANY PARISH JAIL, 4 F. Supp. 2d 606, 609 (E.D. La. 1998)("plaintiff injuried in louisiana jail who remained in Louisiana because of his injuries but intended to return to California was domiciled in California for diversity purposes").

35. Venue lies properly with this District pursuant to 28 U.S.C.A. §1331 and "general jurisdiction",("a courts authority to hear all claims against a defendant, at the place of the defendants domicile or the place of service, without any showing that a connection exists between the claims and the forum state"), because a substantial part of place of service for MDOC and Defendants Cain, Mallet, domicile lies properly with this Court including Defendant Centurion of Mississippi, LLC, place of service and domicile, Mississippi Attorney General Office, and Mississippi Attorney General Office, 16 Civil Litigation.

# FACTS

36. Plaintiff repeat and re-allege the allegations of the above paragraphs.

37. The occurrences alleged and facts stated herein are a system of M.S.P. ("Parchman") failures to maintain its prison. Shortage of basic necessities ("i.e. clean water, functional plumbing and showers, etc.) medical care (" access to treatment, medication, carrying out medical orders, access to medical personal, medical emergency treatment"). The Defendants have personally and individually taken direct action, and/or have failed to act in a manner that creates, maintains, allows and even encourages the conditions complained of herein viewed on an individual basis as well as the totality of the facts arising from the individual Defendants combined actions and non-actions.

38. The Defendants have inspected M.S.P. regularly, have not and do not act in a manner consistent with ensuring Plaintiff's constitutional rights described herein are maintained. Rather, there is a consistent and intentional failure of action and persistent, intentional engagement of non-actions among Defendants relative to the maintenance of Plaintiff's constitutional rights.

39. The bathroom's and shower's are covered in black mold, holes, holes in floors, no handi-cap assistances, slip resistant matts, hazard signs, toilets back up, rusted pipes, floors covered in raw sewage, reflect the physical scars of neglect of Unit 30 at M.S.P which caused two major injuries to my head needing medical and stitches in head.

40. The Plaintiff has been diagnosed by a medical physician as having a mental illness condition that effects daily activities, PTSD, Depression, Anxity, chronic needing medical treatments/medications thats administered by medical personal. Denied by Defendants failed to carry out medical orders prescribed.

41. These conditions, in and of themselves, present a serious risk of imminent harm, pain and suffering, safety, seriously injury/illness, mental abuse, due largely to the extraordinarily poor environmental conditions and medical care at M.S.P. and these conditions are violative of Plaintiff's civil rights.

42. The Defendants refusing to act on a well knowledge fact of misconduct by Defendant made know by receipt/request of the ARP procedure, actions and non-actions of non-compliance with MDOC policy and procedures.

43. Moreove, the combined actions and non-actions taken individually and personally by each named Defendant in creating the conditions described herein, in refusing to act on personal knowledge of the conditions and personal receipt made by Plaintiff to correct the conditions described here in, and take affirmative actions individually and personally to maintain the conditions described herein as status quo has resulted in the overarching violations of civil rights of prisoners/plaintiff at M.S.P.,.

44. Two head injuries due largely to poor inhumane living conditions of M.S.P., Unit 30 bathroom/showers which are hazardus to Plaintiff and violates his civil rights. see **EXHIBIT-A & B**

45. There are several multiple questions of law and fact; including:
   A. Whether Defendants created, maintained and allowed activity described herein at M.S.P, and the resulting unsafe conditions violate the Eighth and Fourteenth Amendments to the United States Constitution.
   B. Whether Defendants created, maintained and allowed the squalid environmental conditions in which Plaintiff confined at M.S.P. violates the Eighth and Fourteenth Amendments to the United States Constitution.

C. Whether Defendants created, maintained and allowed safety concerns in which Plaintiff confined at M.S.P. violates the Eighth and Fourteenth Amendments to the United States Constitution

D. Whether Defendants actions alleged violated the civil rights herein of Plaintiff.

## CAUSES OF ACTION

### Count One

42 U.S.C. §1983: Eighth and Fourteenth Amendments of the United States Constitution; and 42 U.S.C. §12101: Americans with Disability Act "ADA"

46. Plaintiff repeat and re-allege the allegations of the above paragraphs.

47. By their policies and practices, action and non-actions described herein, Defendants subject Plaintiff to a substantial risk and of serious harm by failing to provide prescribed medication for his mental illness, denied medical care treatment from physician upon need for treatment, emergency situations within M.S.P, prison walls. These policies and practices, actions and non-actions, have been and continue to be implemented by Defendants personally and their agents, officials, employees, and all persons acting in concert with them under color of state law, and are the cause of Plaintiff deprivation of rights secured by the United States Consitution under the Eighth and Fourteenth Amendments and federal law, and Americans with Disability Act.

48. Defendants have been and are aware of all of the deprived deprivations complained of herein and have condoned, created, maintained, allowed or been deliberately indifferent to such conduct.

## Count Two

## 42 U.S.C § 1983: Eighth and Fourteenth Amendments of the United States Constitution

49. Plaintiff repeat and re-allege the allegations of the above paragraphs.

50. By their policies and practices, actions and non-actions described herein, Defendants subject Plaintiff to a substantial serious harm and injury from dangerous environmental conditions, including black mold, sewage, holes in floors, exposed pipes, rusted pipes, no slip matts, no hand-cap necessities in bathroom and shower, no hazard signs, broken plumbing, endanger health. These policies and practices, action and non-actions, have been and continue to be implemented by Defendants personally and their agents, officials, employees, and all persons acting in concert with them under color of state law, and are the cause of Plaintiff's injury, ongoing deprivation of rights secured by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.

51. Defendants have been aware of all of the deprivations complained of herein and have condoned, created, maintained, allowed er been deliberately indifference to such conduct.

WHEREFORE PREMISES CONSIDER, Plaintiff respectfully request that the Court:
   a. Certify the suit as a 42 U.S.C. § 1983 & 42 U.S.C. § 12101 action upon which relief may be granted.
   b. Injunction relief for Defendant to provide adequate mental health medication as prescribed by physician.
   c. Declaratory relief to comply without resistance to the constitutionality of statue 42 U.S.C. § 1983 & § 12101
   d. Adjudge and declare that the acts, omissions, policies, and practice of Defendants personally, and their agents, employees, officials, and all persons acting in concert with them

under color of state law or otherwise as described herein are in violation of the rights of the Plaintiff under the Cruel and Unusal Punishments Clause of the Eighth Amendment to the United States Constitution and federal law.

e. Adjudge and declare the acts, omissions, policies and practice of Defendants personally, and their agents, employees, officials, and all persons acting in concert with them under color of state law or otherwise as described herein are in violation of the rights of the Plaintiff under the American with Disabilities Act to the United States Constitution and federal law.

f. Issue a judgment against Defendants in a amount to be determined at trial, including compensatory, nomial, and punitive damages in an amount that is fair, just, and reasonable and will hold Defendants liable for the civil rights violations alleged.

g. Award Plaintiff the cost of this suit, litigation expenses and other applicable law and.

h. Grant Plaintiff such other relief as the Court deems appropriate and just.

### JURY DEMAND

Plaintiff hereby demand a jury trial.

Respectfully Submitted this __15th__ day of __November__ 2022

/s/ _Thaddeus L. Jarvis_
THADDEUS L. JARVIS

I swear under penalty of perjury, under United States law that the following is true and correct, pursuant to 28 U.S.C. §1746; 18 U.S.C. §1621

Thaddeus L. Jarvis, MDOC #210400
Marshall County Correctional Facility "M.C.C.F."
C-2, Bed #062
833 West Street
Holly Springs, MS 38635